

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PEDRO ORTIZ ROMERO<br><br>Plaintiff<br><br>v.<br><br>Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF, Spanish acronym); ITS PRESIDENT, CHRISTIAN SOBRINO; ITS CHIEF OPERATIONS OFFICER, ALEJANDRO CAMPOREALES<br><br>Defendants | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] |

CIVIL CASE NO. 19-cv-1659 (WGY)

Employment Discrimination

PLAINTIFF DEMANDS
TRIAL BY JURY

COMPLAINT

TO THE HONORABLE COURT:

Comes now, plaintiff Pedro Ortiz Romero ("Plaintiff" or "Mr. Ortiz") and very respectfully states and prays as follows:

I.

Nature of Action and Jurisdiction

1.      This Honorable court has jurisdiction over this action pursuant to Section 7 of the ADEA, 29 U.S.C. §§621 and 626(c)(1) and 28 U.S.C. §§1331 and 1342(a)(4).

2.      The U.S. District Court for the District of Puerto Rico is the proper venue for this action pursuant to 28 U.S.C. §§1367 and 1391(a), (b)(1), and (b)(2), as this is the District in which Plaintiff resides and in which all of the events giving rise to the claims occurred.

3.      On April 5, 2018, Plaintiff filed two charges for age discrimination: one against the Government Development Bank for Puerto Rico, Charge No. 515-2018-00239; and another one against the Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF, Spanish acronym), EEOC Charge No. 515-2018-00240. See Exhibits A and B.

4.       Charge No. 515-2018-00239 against GDB was answered by means of a letter, which Plaintiff challenged by means of another letter and evidence on 05/14/2018, rejecting and objecting to its position and arguments.

5.       A "NOTICE OF SUIT RIGHTS" from the EEOC was issued on April 12, 2019 (see envelope dated April 15, 2019, and stamped on April 17, 2019) and received by Plaintiff on April 22, 2019, at the post office when he signed in the system in order to receive the certified letter. See Exhibits C and D.

6.       This Complaint is being filed within ninety (90) days of receipt of the EEOC Notification of Right to Sue.

7.       Plaintiff demands that all causes of action be tried before a jury.

II

The Parties

8.       Plaintiff Pedro Ortiz Romero is 59 years old and has his principal place of correspondence at PO BOX 190987, SAN JUAN, PR 00919-0987; telephone number: 787-439-3156.

9.       Plaintiff Pedro Ortiz Romero applied for two positions (7355 and 7358) at the P.R. Fiscal Agency and Financial Advisory Authority (AAFAF, Spanish acronym). On Wednesday, March 21, 2018, Plaintiff received a letter signed by Alejandro Camporeales, AAFAF Chief Operating Officer, denying him the positions to which he had applied and stating the following, among other things: "...We have selected the person who will hold the abovementioned position. We regret to inform you that you were not the person selected." (Translation ours) See Exhibit E.

10.      Defendant Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), having its principal place of correspondence at PO Box 42001, San Juan, is a public corporation organized under the laws of the Commonwealth of Puerto Rico pursuant to Puerto Rico Act 21 of April 6, 2016, as amended ("Act 21"). Pursuant to Act 21, AAFAF assumed GDB's role as Fiscal Agent to the Commonwealth and to all other government entities.

11.      Defendant Christian Sobrino was President of GDB and Chairman of AAFAF until June 30, 2018. He is now the President of AAFAF. Plaintiff is suing Christian Sobrino in his official capacity.

12.     Defendant Alejandro Camporeales is the Chief Operations Officer of AAFAF. Plaintiff is suing Alejandro Camporeales in his official capacity.

III

FACTS

13.     Plaintiff is filing this Complaint as a pro se suitor.

Plaintiff (Ortiz) can pay a reasonable rate ($100.00 to $150.00 per hour) for a legal counsel. The problem is that Plaintiff has been searching for a legal counsel for months and nobody wants to take the case.

The reasons Plaintiff has been given include that they do not take or work on employment cases, they only take corporation cases, they have some kind of conflict, or they do not work on cases related to government agencies. These are among several reasons they have mentioned.

14.     Plaintiff Pedro Ortiz Romero is a 59-year-old accountant with three university titles, in addition to more than 20 years of accounting experience.

15.     Plaintiff worked for the Government Development Bank for Puerto Rico from May 2000 to 03/23/2018, when he was dismissed. Its President at the time was Christian Sobrino, who was also the Chairman of the AAFAF Board (according to newspaper reports), and he was the one who, through a letter dated 03/21/2018 (delivered on 03/23/2018 by Guillermo Camba, GDB's Chief Operations Officer, along with a copy on which Plaintiff wrote the following: "Received but not accepted"), discriminatorily dismissed Plaintiff from GDB. See Exhibit F.

16.     In relation to the issue with GDB, Plaintiff filed a complaint for discrimination. The case number is 18-cv-0993. See Exhibit G, first page.

17.     Through the website of defendant AAFAF, Plaintiff Pedro Ortiz Romero applied for two positions (7355 and 7358) at the P.R. Fiscal Agency and Financial Advisory Authority, having its principal place of correspondence at PO Box 42001, San Juan, Puerto Rico 00919.

18.     Plaintiff was called for an interview at AAFAF in relation to the positions (7355 and 7358) to which Plaintiff herein applied. The interview was held in the same building where GDB was then located and where Plaintiff herein was working at the time before he was discriminatorily dismissed.

19.     After the interview at AAFAF, Plaintiff was called from the GDB Human Resources (HR) Office and, on Wednesday, March 21, 2018, he was given a letter signed by Alejandro Camporeales, AAFAF Chief Operating Officer, denying him the positions to which he had applied and mentioning the following, among other things: "We regret to inform you that you were not the person selected." (Translation ours) See Exhibit E.

20.     AAFAF's letter dated Wednesday, March 21, 2018, does not mention how the employees who filled these positions were chosen. It does not mention the procedure, process, criteria, or reasonability; in other words, they did not follow due process.

21.     Plaintiff asked Mr. Guillermo Camba ("Camba"), GDB Chief Operating Officer, about this and he said, in front of the people who were at the table, that they (AAFAF) did not have to explain that to Plaintiff (referring to the criteria they used to select the employees). Plaintiff told him (Guillermo Camba) that he would explain it to him here (at his office) or he would explain it to him in court, because these were public funds and he had rights and was going to exercise them, and that this was just the beginning (regarding charges, lawsuits, and court proceedings). See Exhibit H.

22.     Plaintiff also told Camba that he knew he was not the best and that there were people who were better than him and what he wanted was an explanation of the criteria they used to select the candidates to the positions. Camba continued to refuse to explain the criteria. The only thing he told Plaintiff was to sign the copy of the letter. Plaintiff signed it and wrote the following: "Received but not accepted."

EEOC PROCEEDINGS

23.     On April 5, 2018, Mr. Ortiz met with Mr. Luis Calzada (investigator) at the San Juan EEOC and filed two charges: one against the Government Development Bank for Puerto Rico, Charge No. 515-2018-00239; and another one against the Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF, Spanish acronym), EEOC Charge No. 515-2018-00240. See Exhibits A and B.

24.     On May 14, 2018, Mr. Ortiz met with Mr. Luis Calzada (investigator) at the San Juan EEOC and gave him the answer to Charge No. 515-2018-00239 against GDB challenging its position and arguments with evidence and, in addition, rejecting and objecting to the same. On that same day, Plaintiff asked about

the status of Charge No. 515-2018-00240 (AAFAF), and was told that they would check and get back to him. See Exhibit I, first page.

25.     On June 13, 2018, Mr. Ortiz met with Mr. Luis Calzada (investigator) at the San Juan EEOC and asked him about Charge No. 515-2018-00240 against AAFAF about which Plaintiff had not received a response. It had been more than 60 days from April 5th to June 12, 2018. Mr. Calzada said they were waiting for some information. See Exhibit J.

26.     On July 17, 2018, Plaintiff called the San Juan EEOC about the two charges: one against the Government Development Bank for Puerto Rico, Charge No. 515-2018-00239; and another one against the Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF, Spanish acronym), EEOC Charge No. 515-2018-00240. Regarding Charge No. 515-2018-00240, Luis Calzada said that he had the letter sent by AAFAF. Plaintiff asked him about their business hours and Mr. Calzada said they worked until 4:30 pm. Plaintiff said he would go by the EEOC office that day before 4:30 pm, and Mr. Calzada said the letter would be in the reception area and that Plaintiff should identify himself so they could give the letter to him. That same day (07/17/2018), Plaintiff went by the office and was given the letter dated June 11, 2018. See Exhibits K and L.

27.     On July 23, 2018, Mr. Ortiz met with Mr. Luis Calzada (investigator) at the San Juan EEOC and asked him for a 30-day extension of time to answer the letter (which was 10 pages long) dated June 11, 2018, delivered on July 17, 2018, from the Pietrantoni Méndez & Álvarez ("PMA") law firm, which is representing AAFAF. Mr. Luis Calzada (investigator), from the San Juan EEOC, authorized the 30-day request. See Exhibit M.

28.     On August 20, 2018, Mr. Ortiz met with Mr. Luis Calzada (investigator) at the San Juan EEOC and gave him the answer to the letter (which was 10 pages long) dated June 11, 2018, delivered on July 17, 2018, from the Pietrantoni Méndez & Álvarez ("PMA") law firm, which is representing AAFAF, challenging it with evidence and, in addition, rejecting and objecting to its position and arguments. See Exhibit N.

29.    In the first week of October 2018, Mr. Ortiz met with Mr. Luis Calzada (investigator) at the San Juan EEOC in relation to Charge No. 515-2018-00240 against AAFAF. Mr. Luis Calzada (investigator) said that he had asked AAFAF for information and they had not sent it yet.

30.    On December 21, 2018, Mr. Ortiz delivered a document at the San Juan EEOC for Mr. Luis Calzada (investigator) and the lady who was at the counter said he was not in. See Exhibit G.

31.    On February 1, 2019, Mr. Ortiz met with Mr. Luis Calzada (investigator) at the San Juan EEOC. In relation to Charge No. 515-2018-00240 against AAFAF, Mr. Luis Calzada (investigator) said that AAFAF had sent the information and he was reviewing it. See Exhibit O.

32.    On April 17, 2019, Mr. Ortiz met with Mr. Luis Calzada (investigator) at the San Juan EEOC. In relation to Charge No. 515-2018-00240 against AAFAF, Mr. Luis Calzada (investigator) said that he had finished (finalized) the case and the case was at the office of the Director. See Exhibit P.

33.    A "NOTICE OF SUIT RIGHTS" from the EEOC was issued on April 12, 2019 (see envelope dated April 15, 2019, and stamped on April 17, 2019) and received by Plaintiff on April 22, 2019, at the post office when he signed in the system in order to receive the certified letter. See Exhibits C and D.

Cause of Action

FIRST CLAIM FOR RELIEF Intentional Discrimination (Age Discrimination in Employment Act of 1967, 29 U.S.C. §623(a)(1)(2))

34.    Plaintiff hereby repeats and incorporates by reference the allegations of Paragraphs 1 through 33 above as if fully set forth herein.

35.    As an immediate result of Defendant's age discrimination, Plaintiff Pedro Ortiz Romero was deprived of the opportunity to earn a salary and obtain employment benefits.

36.    When the positions were posted, Defendant (AAFAF) began accepting applications and conducted interviews at the facilities where AAFAF—and previously GDB—was located. Defendant was an "employer," as defined in Section 11(b) of the Age Discrimination in Employment Act, as amended (29 U.S.C. §630(b)).

37.    I. At all pertinent times, Plaintiff Pedro Ortiz Romero was over 40 years old (see 29 U.S.C. §631(a)) and is qualified for the position, and Defendant denied him the job. See 29 U.S.C. §623(a)(1) and (2). In addition, see Exhibit R.

II. Plaintiff has the following university titles (three):

. an associate degree in accounting;

. a bachelor's degree in accounting;

. a bachelor's degree in computer programming.

III. On Wednesday, March 21, 2018, Plaintiff was given a letter signed by Alejandro Camporeales stating the following, among other things:

"...We have selected the person who will hold the abovementioned position. We regret to inform you that you were not the person selected." (translation ours) But it does not explain the selection criteria. See letter dated 03/21/2018, from AAFAF. See Exhibit E.

IV. AAFAF selected Tatiana Delgado ("Delgado"), who is 29 years old, according to the letter from the PMA law firm dated June/11/2018. See Exhibit Q. Later, AAFAF selected María Vázquez ("Vázquez"), who is 55 years old, according to the letter from the PMA law firm dated June/11/2018. See Exhibit Q.

38.    Discrimination is illegal. See *O'Connor v. Consolidated Coin Caterers Corp.*, 134 L. Ed. 2d 433 (No. 95-354. Argued February 27, 1996-Decided April 1, 1996).

39.    And, in the case of *Karlo v. Pittsburgh Glass Works, LLC*, No. 15-3435 (3rd Cir. January 10, 2017), discrimination was also considered illegal.

40.    Defendant AAFAF's conduct against Plaintiff constitutes discrimination on the basis of age in violation of the ADEA.

41.    At all pertinent times, Defendant has been and continues to be an employer under the ADEA, 29 U.S.C. §630.

42.    As confirmed by the U.S. Supreme Court in *Smith v. City of Jackson*, 544 U.S. 228 (2005), and *Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84 (2008), the ADEA prohibits employers from using

policies that do not take age into account and produce a significant adverse disparate impact on qualified workers who are over 40 years old, such as Mr. Ortiz, unless the employer can demonstrate that the disparate impact caused by the challenged policies and practices is based on a "reasonable factor other than age."

43.  As a direct and immediate result of the abovementioned ADEA violations, Mr. Ortiz has suffered adverse actions, including, among others: a denial of the salary and other benefits provided to workers in positions 7355 and 7358 by defendant AAFAF and the loss of any potential opportunity for advancement within the P.R. Fiscal Agency and Financial Advisory Authority (AAFAF, Spanish acronym).

Therefore, Plaintiff Pedro Ortiz Romero prays for:

a.  the lost salary, employment benefits, and other compensation he lost because Defendant (AAFAF) discriminated against him on the basis of his age, as well as prejudgment interest, amounting to no less than $100,000.00;

b.  liquidated damages, doubling the award of interest, lost salary and employment benefits, and other compensation he lost as a result of Defendants' discrimination against him on the basis of his age, amounting to no less than $200,000.00;

c.  Plaintiff requests that he be given one of the two positions to which he applied (7355 and 7358), as he is qualified for said positions, and that he be awarded retroactive pay, including salary raises and any other salary-related benefit of said job, as from the time Plaintiff applied for the position and the position in question should have been held by Plaintiff, amounting to no less than $100,000.00 for each year;

d.  award punitive damages against Defendants for their illegal and discriminatory conduct, amounting to no less than $200,000.00;

e.  reasonable attorney's fees, expert witness fees, expenses, and costs of this action and prior administrative actions; and

f.  any other relief that this Court may consider fair and appropriate.

SECOND CLAIM FOR RELIEF

Disparate Impact Discrimination (Age Discrimination in Employment Act of 1967, 29 U.S.C. §§623(a)(1), (2), (d))

44.     Plaintiff hereby repeats and incorporates by reference the allegations of Paragraphs 1 through 43 and paragraphs a, b, c, d, e, and f above as if fully set forth herein.

45.     The ADEA provides that it is unlawful for an employer to "refuse to hire or to discharge any individual or otherwise discriminate against [him] with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. §623(a)(1), (d).

46.     Mr. Ortiz was over 58 years old at the time he applied to the two positions (7355 and 7358) at AAFAF.

47.     Mr. Ortiz was qualified for the two positions (7355 and 7358) at AAFAF.

48.     Instead of Mr. Ortiz, two female employees from GDB were selected for the positions, one who was 29 years old—significantly younger—and another one who was 55 years old and with less qualifications and experience.

49.     Discrimination is illegal in the Puerto Rico Constitution and the Constitution of the United States. See *Rabin v. PricewaterhouseCoopers, LLC,* 16-CV-02276-JTS (N.D. Cal. 2019); *Kleber v. CareFusion Corp.,* No. 17-1206 (7th Cir. April 26, 2018).

50.     Defendant's ADEA violations were intentional and voluntary, because they knew of Plaintiff's experience and age. AAFAF interviewed Plaintiff (Mr. Ortiz) for the positions.

51.     As a direct and immediate result of the foregoing ADEA violations, Mr. Ortiz has suffered economic and non-economic damages, which include, among others, the denial of salary and other benefits, loss of interest on said salary and other benefits, and the loss of any possible of opportunity for advancement within AAFAF.

52.     The constitutional due process protection is intended to secure the individual from the arbitrary exercise of the powers of government, unrestrained by the established principles of private rights and distributive justice. Constitution of Puerto Rico, Article II §7, and the Constitution of the United States, Amendment XIV; *Cty. of Sacramento v. Lewis,* 523 U.S. 833, 845, 118 (1998); *Hurtado v. California,* 110

U.S. 516, 527 (1884). "The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). It prevents government officials from abusing their power, or employing it as an instrument of oppression. Abusive executive action and egregious official conduct constitutes a substantive due process violation. *Cty. of Sacramento*, p. 846.

Therefore, Plaintiff Pedro Ortiz Romero prays for:

g.      the lost salary, employment benefits, and other compensation he lost because Defendant (AAFAF) discriminated against him on the basis of his age, as well as prejudgment interest, amounting to no less than $100,000.00;

h.      liquidated damages, doubling the award of interest, lost salary and employment benefits, and other compensation he lost as a result of Defendants' discrimination against him on the basis of his age, amounting to no less than $200,000.00;

i.      Plaintiff requests that he be given one of the two positions to which he applied (7355 and 7358), as he is qualified for said positions, and that he be awarded retroactive pay, including salary raises and any other salary-related benefit of said job, as from the time Plaintiff applied for the position and the position in question should have been held by Plaintiff, amounting to no less than $100,000.00 for each year;

j.      award punitive damages against Defendants for their illegal and discriminatory conduct, amounting to no less than $200,000.00;

k.      reasonable attorney's fees, expert witness fees, expenses, and costs of this action and prior administrative actions; and

l.      any other relief that this Court may consider fair and appropriate.

Therefore, premises considered, Plaintiff seeks that an award be entered ordering Defendants to pay Plaintiff the monetary damages, as alleged in the FIRST CLAIM FOR RELIEF and SECOND CLAIM FOR RELIEF of this Complaint, including all consequential damages and statutory and/or punitive

damages, plus interest and costs, including attorney's fees, amounting to no less than $1,200,000.00, an amount which Plaintiff reserves the right to amend at any time.

Plaintiff also respectfully requests the following:

1.      any and all other relief available to Plaintiff in law or equity or otherwise, which may be granted by this Honorable Court;

2.      all costs of these proceedings and for recovery of damages incurred, including legal fees, including while on appeal, if any, and for collection.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and 29 U.S.C. §626(c)(2), Plaintiff demands a trial by jury in this action.

Respectfully submitted.

Date: In San Juan, Puerto Rico, on this, the 27th day of June 2019.

Your Signature: ----------------------------------------

Name typed or printed: Pedro Ortiz Romero – pro se

Address: PO Box 190987 SAN JUAN, PR 00919-0987

Telephone Number: 787-439-3156